UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DETRICK MURRAY-BEY           )
                             )
         Plaintiff,          )
                             )
v.                           )    CV420-199
                             )
CITY OF PORT WENTWORTH, *et. al.*, )
                             )
         Defendants.         )

## ORDER

*Pro se* plaintiff Detrick Murray-Bey filed this case alleging defects in a state-court criminal proceeding. *See* doc. 1 at 4. The Court recommended that his request to pursue this case *in forma pauperis* be denied. Doc. 4. The District Judge adopted that recommendation over plaintiff's objection, but he had already paid the full filing fee. *See* doc. 7. Since that adoption, there has been no indication that plaintiff has taken any action to serve any defendant or otherwise prosecute this case.

Since Murray-Bey was not permitted to proceed *in forma pauperis*, he is responsible for serving process on the defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). The Federal

Rules further require that service be made within ninety days after the complaint is filed.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within the specified time.").

Both the language of Rule 4(m) and the Eleventh Circuit's interpretation of 28 U.S.C. § 1914, which imposes the fee for filing civil cases in federal courts, make the filing of the complaint, and not payment of the filing fee, the relevant date for the commencement of the action and the running of the service deadline.  *See* Fed. R. Civ. P. 4(m); *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, 1551-52 (11th Cir. 1986) (complaint was filed, for statute of limitations purposes, upon actual or constructive possession by the clerk, regardless of the untimely payment of the filing fee).  However, as the Rule's Advisory Committee Notes suggest "[t]he district court should . . . take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." Fed. R. Civ. P. 4(m) advisory committee's note (1993).  Courts, including the United States District Court for the

Northern District of Georgia, have recognized that the resolution of the motion to proceed *in forma pauperis* and payment of any subsequent fee required commence the service period. *See, e.g., Besler v. City of Decatur*, 2006 WL 8433137, at * 2 (N.D. Ga. Dec. 6, 2006) (collecting cases). Given this ambiguous authority, and the mandate to construe the Federal Rules to secure the just resolution of civil actions, the Court will construe the date on which the fee was paid, September 3, 2020, as the commencement of the service period.

Even charitably construing when the service period started, however, it has expired. The ninety days for service ran no later than December 2, 2020. However, the Court has discretion to extend the service period. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). Further, dismissal is appropriate, even where no good cause for the delay exists, only after considering "whether any other circumstances warrant an extension of time based on the facts of the case." *Leopone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Under the circumstances of this case, the Court

concludes that plaintiff's *pro se* status and the need to resolve the issue of his filing fee warrant a permissive extension, regardless of whether he might show other good cause for the delay.

Accordingly, pursuant to Rule 4(m), the Court **DIRECTS** plaintiff that he must serve the Complaint upon the defendants, in compliance with Rule 4, no later than thirty days from the date of this Order.

**SO ORDERED**, this 13th day of April, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA