UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DETRICK MURRAY-BEY,            )
                               )
            Plaintiff,         )
                               )
v.                             )          CV420-199
                               )
CITY OF PORT WENTWORTH         )
and DEREK WHITE,               )
                               )
            Defendants.        )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Detrick Murray-Bey has filed this 42 U.S.C. § 1983 case seeking damages related to a proceeding, apparently in the Municipal Court of Port Wentworth, Georgia. *See* doc. 1 at 4; *see also* doc. 10 at 2. Defendants the City of Port Wentworth and Derek White, a former judge of the municipal court, have moved to dismiss the Complaint on various grounds. *See* doc. 10. Plaintiff has responded, doc. 17, and has also moved to amend his complaint, doc. 20. Although the exact defect Murray-Bey alleges is not entirely clear, the relief he seeks is. For the reasons explained below, plaintiff's complaint should be **DISMISSED** for lack of subject-matter jurisdiction, and his Motion to Amend the Complaint, doc. 20, **DENIED** as futile.

1

Plaintiff's filings make emphatically clear that he wants this Court to "overturn the initial ruling [by the municipal court] over this matter," and remove the consequences and records related to that "initial ruling." *See* doc. 1 at 5; *see also* doc. 20 at 4 (requesting that the Court "order the State of Georgia, City of Port Wentworth Municipal Court to set a new trial, to nullify, dismiss and/or close (alleged) traffic case, probation sentencing, probation fees, suspension of licenses, [and] cease and desist any further communication and/or correspondence . . . ."). Given Murray-Bey's insistence that he wants this Court to overturn a decision of a state court, it is clear, notwithstanding the parties' other arguments, that the Court lacks subject matter jurisdiction.

The United States Court of Appeals for the Eleventh Circuit has recently explained, in the context of emphasizing the limits of the so-called "Rooker-Feldman" doctrine, that "state court litigants do not have a right of appeal in the lower federal courts; *they cannot come to federal district courts 'complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments*.'" *Behr v. Campbell*, 8 F.4th 1206, 1209-1210 (11th Cir. 2021) (emphasis added) (quoting *Exxon Mobil Corp.*

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  While the Court is mindful of the Eleventh Circuit's admonition that the Rooker-Feldman doctrine is limited in scope, Murray-Bey requests *precisely* the relief it precludes.

The *Behr* court was also emphatic that, where it applies, the Rooker-Feldman doctrine implicates district courts' subject-matter jurisdiction. As the court explained:

> this rule [*i.e.,* the Rooker-Feldman doctrine] follows naturally from the jurisdictional boundaries that Congress has set for the federal courts.  First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals.  [Cit.]  And second, only the Supreme Court can 'reverse or modify' state court judgments; neither district courts nor the circuits can touch them.  [Cit.]  Allowing federal district courts to alter or directly review the judgments of state courts would violate both those jurisdictional grants.

*Behr*, 8 F.4th at 1210 (citations omitted).  The Federal Rules are clear that "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  That's the case here.

Since Murray-Bey is clear that he seeks review of the state court's[1] judgment, and that all the monetary damages he claims result directly from that judgment, *see* doc. 1 at 5, the Court lack's subject-matter jurisdiction over his claim and his Complaint should be **DISMISSED**.  His Motion to Amend requests similar review of the state court's judgment.  *See* doc. 20 at 4.  Any such amendment would be futile.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").  His request to file an Amended Complaint, doc. 20, should, therefore, be **DENIED**.  *See, e.g., Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court notes that both Murray-Bey's original Complaint and his proposed amendment name Derek White, the former municipal court judge who presided over the disputed proceeding.  *See* doc. 1 at 2,

---

[1] Municipal courts are not distinguished from other state courts when applying the Rooker-Feldman doctrine to claims that seek review of their judgments.  *See, e.g., Zahos v. Yaklin*, 2012 WL 13134243, at * 1-2 (N.D. Ga. Mar. 26, 2012), *adopted* 2012 WL 13134249 (N.D. Ga. Sept. 26, 2012); *see also, Bey v. Lenox Municipal Court*, 2017 WL 6617053, at * 4 n. 7 (M.D. Ga. Dec. 4, 2017) (noting possibility that the Rooker-Feldman doctrine would preclude plaintiff from challenging municipal court judgments).

4; *see generally* doc. 20 (listing Derek White in the caption, but including no substantive allegations against him).   Neither the Complaint nor the Motion to Amend make clear what Murray-Bey's theory of White's liability is, beyond White's connection to the disputed judgment.  To the extent that Murray-Bey intended to assert any claim against White, separate from his request to overturn the municipal court judgment, such a claim would necessarily fail.  As the Motion to Dismiss correctly explains, White is entitled to absolute judicial immunity against claims arising from actions taken in his judicial capacity.  *See* doc. 10 at 5-6; *see also, e.g., McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 from those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.  [Cit.]  A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." (citations omitted)).  Nothing in Murray-Bey's pleadings suggests that White acted without subject-matter jurisdiction.  *See* doc. 1 at 4 (alleging that Murray-Bey

challenged "personam jurisdiction"); doc. 20 at 1 (objecting that White "failed to provide authority of personal jurisdiction on record as requested").[2]  Even if the Court had subject-matter jurisdiction over Murray-Bey's claims against White, those claims would be subject to dismissal on immunity grounds.

In summary, the Court should find that it lacks subject-matter jurisdiction over Murray-Bey's claims and **DISMISS** this case. Murray-Bey's Motion to Amend his Complaint should be **DENIED** as

---

[2] Murray-Bey does cite to several judicial opinions that discuss jurisdiction.  *See* doc. 20 at 3-4.  The decisions of the Supreme Court of Virginia, *id.* at 3 (citing *Thompson v. Smith*, 154 S.E. 579 (Va. 1930)), California state courts, *id.* (citing *Burns v. Superior Court of City and Cnty. of San Fransisco*, 73 P. 597 (Cal. 1903); *Ex Parte McDonough*, 80 P.2d 485 (Cal. Ct. App. 1938)), are simply not relevant to questions of either Georgia or federal law.  His citation to an opinion from the United States Court of Appeals for the Third Circuit discussing judicial review of regulations adopted by the United States Environmental Protection Agency is also irrelevant. *See* doc. 20 at 3 (citing *American Iron & Steel Inst. v. E.P.A.*, 568 F.2d 284 (3d Cir. 1977)).  His citation of the Supreme Court's opinion in *Hale v. Henkel, see* doc. 20 at 3-4, is no more than dicta in the context of a discussion of whether the agent of a corporation may invoke the corporation's Fifth Amendment right against self-incrimination to avoid producing corporate records before a grand jury. *See* 201 U.S. 43, 74 (1906), *overruled in part by Murphy v. Waterfront Comm'n Of New York Harbor*, 378 U.S. 52 (1964)).  Finally, Murray-Bay's discussion of jurisdiction bears hallmarks of so-called "sovereign citizen" arguments.  *See* doc. 20 at 2 (stating that plaintiff appears "in Propria persona sui juris, a natural person specially appearing in my own right being of sound mind, body, soul and sprit.").  Such "sovereign citizens," "believe they are not subject to the jurisdiction of the courts," and "[c]ourts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."  *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (citing, *inter alia.*, *United State v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011)).

futile.  Doc. 20.  To the extent that defendants' Motion to Dismiss asserts that the Court lacks subject matter jurisdiction, it should be **GRANTED in part**.  Doc. 10.  To the extent that asserts other grounds for dismissal, the Court's lack of subject-matter jurisdiction renders them moot, and they should be **DENIED in part**.  Doc. 10.  All the remaining motions should also be **DISMISSED** as moot.  Docs. 11, 13, 18 & 21.

**SO REPORTED AND RECOMMENDED**, this 21st day of September, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA